UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THIRD WORLD MEDIA, LLC, | No. C 10-04470 LB |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| DOES 1-1568, | |
| Defendants. | |

Plaintiff Third World Media, LLC filed its original complaint on October 4, 2010.  ECF No. 1.[1] After 191 days, Plaintiff filed an amended complaint on April 13, 2011.  ECF No. 8.

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 120 days after it files the complaint.  The 120 days for service runs from the date of the original complaint for all Doe Defendants – identified by Doe number, the Internet Protocol address associated with each Defendant, the identity of the Internet Service Provider associated with the Internet Protocol address, the last-observed date and time that the infringement by that Defendant was observed, and the software protocol used by the Defendant – named in the original complaint. *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1137,

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

1   at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court
2   did not abuse its discretion in dismissing defendants named in an amended complaint when they had
3   been named in an earlier complaint but not served within 120 days of the filing of the original
4   complaint); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action
5   against Doe defendants for failure to effect timely service under Rule 4(m)); *Figueroa v. Rivera*, 147
6   F.3d 77, 83 (1st Cir. 1998) (holding, in the alternative, that dismissal was proper pursuant to Rule
7   4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of
8   filing the complaint); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995)
9   (holding that Doe defendants must be identified and served within 120 days of the commencement
10  of the action against them (but declining to dismiss the action)); *Sedaghatpour v. California*, No. C
11  07-01802 WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may
12  dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed
13  pursuant to FRCP 4(m)."); *cf. McGuckin v. United States*, 918 F.2d 811, 812, 813 (9th Cir. 1990)
14  (holding that time to serve defendants *added in the new complaint* runs from filing of new
15  complaint).  This approach comports with the policies underlying the rule.  *See Fimbres v. United*
16  *States*, 833 F.2d 138, 139 (9th Cir.1987) ("Rule 4(j) [Rule 4(m)'s predecessor] is intended to force
17  parties and their attorneys to be diligent in prosecuting their cause of action.") (citing *Wei v. State of*
18  *Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)).

19       A court must dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m)
20  unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m).  If
21  good cause appears, the court must extend the time for service for an appropriate period.  *Id.*
22  Whether good cause exists is determined on a case by case basis.  *In re Sheehan*, 253 F.3d 507, 512
23  (9th Cir. 2001).  A plaintiff may show good cause where it attempted to serve a defendant but not yet
24  completed it, was confused about the requirements for service of process, or was prevented from
25  serving a defendant because of events outside of its control.  *See Wei*, 763. F.2d at 372 (applying the
26  good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*,
27  805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds).  Evasion of service could
28  also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo*

*Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

On the same day it filed the amended complaint, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference. ECF No. 9. The *ex parte* application seeks permission to serve subpoenas on certain Internet Service Providers to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them. *Id.* The proposed order gives the Internet Service Providers and subscribers each 30 days in which to object to the subpoenas. ECF No. 9-3 at 2. Based on this time line, even if the court had ruled on the motion immediately and Plaintiff served the subpoenas that same day, Plaintiff would not be expected to file proof of service until June 12, 2011. And – by Plaintiff's own admission – this scenario is unlikely given that, in its request for an order vacating the case management conference, Plaintiff detailed the reasons that some Internet Service Providers cannot quickly produce the requested information. ECF No. 10 at 5. And, most troublesome from a "good cause" perspective, Plaintiff did not file its *ex parte* application for expedited discovery until 71 days after it was required to file proof of service.

Rule 4(m) requires Plaintiff to have filed proof of service by February 1, 2011. Plaintiff did not. Accordingly, the court **ORDERS** Plaintiff to show cause why this action should not be dismissed for failure to serve the defendants as required by Rule 4(m) by May 23, 2011.

**IT IS SO ORDERED.**

Dated: May 10, 2011

_____
LAUREL BEELER
United States Magistrate Judge