UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| THIRD WORLD MEDIA, LLC, | No. C 10-04470 LB |
| Plaintiff, | **ORDER DISMISSING COMPLAINT** |
| v. | |
| DOES 1-1568, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Third World Media, LLC filed its original complaint on October 4, 2010. ECF No. 1.[1] After 191 days, Plaintiff filed an amended complaint on April 13, 2011. ECF No. 8. On the same day it filed the amended complaint, Plaintiff filed an *ex parte* application for leave to take limited discovery prior to a Rule 26 conference. ECF No. 9. The *ex parte* application sought permission to serve subpoenas on certain Internet Service Providers to obtain information identifying the Doe Defendants so that Plaintiff can complete service of process on them. *Id.* But Rule 4(m) of the Federal Rules of Civil Procedure requires Plaintiff to have filed proof of service by February 1, 2011. And Plaintiff did not file its *ex parte* application for expedited discovery until 71 days later. After more than 200 days passed since the filing of the original complaint, the court ordered Plaintiff to show cause why its complaint should not be dismissed for failure to serve any defendants. ECF

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

C 10-04470 LB
ORDER DISMISSING COMPLAINT

1  No. 12. Plaintiff filed a response to the order to show cause, focusing on the delays in getting names
2  from the Internet Service Providers. ECF No. 23 at 3. The court now dismisses the case because
3  Plaintiff did not show good cause for its failure to name and serve any defendants.

## II. LEGAL STANDARDS

### A. Time to Serve Doe Defendants

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint. The 120 days for service runs from the date of the original complaint for all Doe Defendants – identified by Doe number, the Internet Protocol address associated with each Defendant, the identity of the Internet Service Provider associated with the Internet Protocol address, the last-observed date and time that the infringement by that Defendant was observed, and the software protocol used by the Defendant – named in the original complaint. *See Harris v. City of Cleveland*, 7 Fed. Appx. 452, 456 (6th Cir. 2001) ("A plaintiff cannot extend the service period with respect to an already-named defendant by filing an amended complaint naming additional defendants.") (citing 4A Wright & Miller, Federal Practice & Procedure § 1137, at 103 (Supp. 2000)); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (holding that district court did not abuse its discretion in dismissing defendants named in an amended complaint when they had been named in an earlier complaint but not served within 120 days of the filing of the original complaint); *Scott v. Hern*, 216 F.3d 897, 911-912 (10th Cir. 2000) (upholding dismissal of an action against Doe defendants for failure to effect timely service under Rule 4(m)); *Figueroa v. Rivera*, 147 F.3d 77, 83 (1st Cir. 1998) (holding, in the alternative, that dismissal was proper pursuant to Rule 4(m) where the plaintiff failed to identify and serve an unknown defendant within 17 months of filing the complaint); *Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (N.D. Ill. 1995) (holding that Doe defendants must be identified and served within 120 days of the commencement of the action against them (but declining to dismiss the action)); *Sedaghatpour v. California*, No. C 07-01802 WHA, 2007 WL 2947422, at *2 (N.D. Cal. Oct. 9, 2007) ("Furthermore, the Court may dismiss 'Doe' defendants who are not identified and served within 120 days after the case is filed pursuant to FRCP 4(m)."); *cf. McGuckin v. United States*, 918 F.2d 811, 812, 813 (9th Cir. 1990) (holding that time to serve defendants *added in the new complaint* runs from filing of new complaint). This

approach comports with the policies underlying the rule. *See Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) ("Rule 4(j) [Rule 4(m)'s predecessor] is intended to force parties and their attorneys to be diligent in prosecuting their cause of action.") (citing *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985)).

## B. Good Cause

A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. Fed. R. Civ. P. 4(m). If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). A plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v*, 763 F.2d at 372 (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993); *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds). Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

## III. DISCUSSION

### A. Whether Plaintiff Demonstrated Good Cause for Failure to Serve

Plaintiff filed a response to the order to show cause, focusing on the delays in getting names from the Internet Service Providers. ECF No. 13 at 3. But Plaintiff does not dispute that it has not served any defendants in this case or that more than 120 days have passed since it filed its complaint. And Plaintiff does not even address why it filed a motion for expedited discovery after more than 120 days had passed since the filing of its original complaint. Instead, Plaintiff discusses the difficulties in the context of a number of other pending cases. *Id.* at 4-6. And Plaintiff represents that it is working with the Internet Service Providers to streamline the process for identifying individuals and attributes some of the delays to the Internet Service Providers' difficulties in providing the necessary information. *Id.* at 5-6. Plaintiff also argues that dismissal is

1  not required or warranted at this stage, pointing out that the cases in the court's order to show cause
2  involved longer delays or did not result in a dismissal for reasons of judicial economy. *Id.* at 6-7.
3      The court finds that Plaintiff did not demonstrate good cause for its failure to serve because it did
4  not even attempt to explain why it filed a motion for expedited discovery after more than 120 days
5  had passed since the filing of its original complaint. Given that unexplained delay, Plaintiff's other
6  excuses are not relevant.
7      Additionally, the court does not find that Plaintiff will be unduly prejudiced by a dismissal
8  without prejudice. The earliest date of an illegal download identified in Plaintiff's Exhibit A is
9  February 22, 2010. ECF No. 1-1 at 15; ECF No. 8 at 22. Under 17 U.S.C. § 507, a civil copyright
10 action must be commenced within three years after the claim accrued. Furthermore, Plaintiff claims
11 to have coordinated with the Internet Service Providers to streamline the systems for acquiring
12 identifying information and, as evidenced by the stipulated dismissals, appears to be receiving such
13 information already.
14     The case law in similar cases does not compel a different result. For example, a court in the
15 Northern District of Illinois dismissed a similar complaint after only 131 days, noting the potential
16 for abuse. *CP Productions, Inc. v. Does 1-300*, Civ. No. 10 C 6255, Memorandum Order, ECF No.
17 27 (N.D. Il. Feb. 7, 2011). Shortly thereafter, the court denied the plaintiff's motion for
18 reconsideration. *CP Productions, Inc. v. Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D.
19 Ill Feb. 24, 2011). In its order denying the plaintiff's motion for reconsideration, the court expanded
20 upon its concerns. Specifically, the court noted the serious issues regarding personal jurisdiction,
21 joinder, and venue. *Id.* The court then ordered the subpoena issued to the Internet Service Provider
22 to be quashed. *Id.* The court also ordered the plaintiff to direct the Internet Service Provider to
23 notify (at the plaintiff's expense) all those to whom the Internet Service Provider had previously
24 given notice of the plaintiff's subpoena issued to the Internet Service Provider. *Id.* The notice was
25 to include (1) the fact of the dismissal and (2) the fact that the Internet Service Provider would take
26 no further action in connection with the now-quashed subpoena, so that those persons are free to
27 ignore the matter. *Id.* In the instant case, the undersigned identifies the same concerns as discussed
28 in the *CP Productions* orders. And even more saliently, Plaintiff had more than six months to move

1  for expedited discovery to discover the names of the Doe Defendants but Plaintiff appeared to take
2  no action and did not provide any explanation for its delay.

### B. Whether this Court Can Dismiss the Complaint

Plaintiff has consented to this court's jurisdiction. ECF No. 6. The court does not require the consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

## IV. CONCLUSION

For the foregoing reasons, the court **DISMISSES** Plaintiff's complaint without prejudice.

**IT IS SO ORDERED.**

Dated: September 15, 2011

_____
LAUREL BEELER
United States Magistrate Judge